# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LOC NGUYEN,<br><br>*Plaintiff,*<br>v.<br><br>WALMART INC. and CROSSMARK, INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-826<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Loc Nguyen's Motion to Remand (the "Motion") (Dkt. #5). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a personal injury case. Plaintiff alleges that a shelving unit fell on him at Walmart on August 20, 2024. Plaintiff filed suit in Texas state court against Defendants Walmart Inc., the owner of the premises, and Crossmark, Inc., a company that Walmart allegedly contracted for work at the location (Dkt. #5-2 at pp. 1, 5–6, 9). On July 10, 2026, Defendants removed the case to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 and in accordance with Local Rule CV-81 (Dkt. #1 at p. 1). In its argument for removal, Defendant Walmart alleges that Plaintiff improperly joined Defendant Crossmark to defeat diversity jurisdiction (Dkt. #1 at p. 2). On July 31, 2025, Plaintiff filed the present Motion, seeking to remand the case to state court (Dkt. #5). Defendant Walmart filed a Response (Dkt. #7).

## LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, 'the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.'" *Humphrey*, 2014 WL 12687831, at *2 (citation modified) (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

### I. Diversity Jurisdiction

Plaintiff argues that remand is proper because Defendants failed to establish complete diversity of citizenship (Dkt. #5 at pp. 8–9). Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between the parties. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). For diversity purposes, an individual is a citizen of the state where they are domiciled. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019).

A corporation is a citizen of the state, or states, of its incorporation and the state where its principal place of business is located. *Id.* The citizenship of a limited liability company and a limited partnership is determined by considering the citizenship of all the members and partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

**A. Plaintiff's Citizenship**

Plaintiff is a citizen of Texas because Plaintiff is an individual who is domiciled in Texas. Plaintiff lists his primary address as Texas in his original state court petition (Dkt. #5-2 at p. 1). All factual allegations in the lawsuit occurred in Texas, and Plaintiff asserts no other location where he has lived, will live, or intends to live (Dkt. #5-2; Dkt. #5). As such, Plaintiff is a citizen of Texas for diversity purposes. *See MidCap*, 929 F.3d at 313–14.

**B. Defendants' Citizenship**

The parties are not diverse because Defendant Crossmark shares citizenship with Plaintiff. "A federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." *Stiftung v. Plains Mktg., LP*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

First, Defendant Walmart is a Delaware corporation with its principal place of business in Arkansas (Dkt. #1 at p. 2). Because Defendant Walmart does not share any state of citizenship with Plaintiff, its citizenship is sufficiently diverse to satisfy 28 U.S.C. § 1332. *See MidCap*, 929 F.3d at 313–14. Second, Defendant Crossmark is a Delaware corporation with its principal place of business in Texas (Dkt. #5 at p. 1). Defendant Crossmark shares Texas as a common state of

citizenship with Plaintiff. *See MidCap*, 929 F.3d at 313–14. As such, the parties are not diverse. *See Stiftung*, 603 F.3d at 297. Therefore, the Court lacks subject matter jurisdiction unless Plaintiff improperly joined Defendant Crossmark. *See Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024).

## II. Improper Joinder

Defendant Walmart argues that Plaintiff improperly joined Defendant Crossmark, and that the Court should therefore disregard Defendant Crossmark's citizenship. *See id.* (citation omitted) ("If a non-diverse defendant is fraudulently joined . . . the citizenship of that party can be ignored.").

The Fifth Circuit recognizes two forms of improper joinder: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.* Defendant Walmart alleges the latter, and it must carry the "heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (citation omitted).

To determine whether a plaintiff has joined a party to which no cause of action exists, courts typically analyze "whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021) (citation omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (citation modified).

### A. Appropriate Test for Improper Joinder

The Fifth Circuit has set out two avenues for determining whether there is a reasonable basis to predict that a plaintiff might recover against a defendant under state law. *See Smallwood*,

385 F.3d at 573–74. "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). Importantly, this decision "lies within the discretion of the trial court." *Flagg*, 819 F.3d at 137 (citation modified).

The first test involves a simple "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573 (footnote omitted). Under this test, the Court utilizes federal pleading standards in its analysis. *Int'l Energy*, 818 F.3d at 208 ("Our precedent is clear: A federal court must apply the federal pleading standard."). The second test is less common and is appropriate in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. It is also appropriate where a plaintiff's "original state court petition contains only broad allegations against the 'defendants' collectively and does not allege any specific factual allegations against [either defendant]." *Centaurus GF Cove, LLC v. Lexington Ins. Co.*, No. CIV. A. H-10-836, 2010 WL 2710390, at *3 (S.D. Tex. July 7, 2010); *see also Campos v. Starbucks Corp.*, No. 7:25-CV-00125, 2025 WL 3124017, at *3 (S.D. Tex. Nov. 7, 2025). Such an inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

Here, the Court exercises its discretion and applies the first test—the 12(b)(6) type inquiry—to the relevant pleadings. Thus, Plaintiff will be found to have improperly joined Defendant Crossmark if he has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In conducting its analysis, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation modified) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

**B. Improper Joinder Analysis**

Plaintiff has no possibility of recovery against Defendant Crossmark because Plaintiff does not allege facts sufficient to establish a plausible claim to relief. *See Twombly*, 550 U.S. at 570. The first issue is what cause of action Plaintiff alleges. In his original state court petition, Plaintiff alleges that Defendant Crossmark's "agents, servants, and employees negligently failed to maintain, inspect, or warn Plaintiff of the dangerous condition of the shelf." (Dkt. #1-3 at p. 4). "When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016) (citation omitted). By alleging that Defendant Crossmark failed to maintain a condition, Plaintiff alleges the elements of a premises liability action. *See id.*

The next issue is whether Plaintiff's allegations contain facts sufficient to establish a possibility of recovery in his premises liability action. *See Homeland Ins. Co.*, 18 F.4th at 812. Texas law provides that property owners generally owe a duty to warn or to make the premises safe to those invited on the property, and this duty "generally runs with the ownership or control of the

property." *Occidental*, 478 S.W.3d at 644 (citing Restatement (Second) of Torts §§ 351–54 (A.L.I. 1965)); *see generally JMI Contractors, LLC v. Medellin*, 738 S.W.3d 775, 789 (Tex. 2026) (explaining the elements of a premises liability claim).

Defendant Walmart argues that Plaintiff cannot recover in his premises liability action because Plaintiff insufficiently alleges that Defendant Crossmark controlled the premises (Dkt. #7 at p. 3). Plaintiff argues that his original state court petition sufficiently establishes Defendant Crossmark's control of the premises (Dkt. #5 at p. 5).

Plaintiff cannot recover in his premises liability action against Defendant Crossmark because Plaintiff does not allege facts that reasonably suggest Defendant Crossmark controlled or had a right to control the premises. Texas law recognizes two main ways in which a premises liability defendant may be held liable for premises which they do not possess. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017). First, a premises liability defendant "may be held liable for a dangerous condition on the property if it assumed control over and responsibility for the premises, even if it did not own or physically occupy the property." *Id.* (citation modified). Second, "a premises liability defendant may be subject to liability if it has a right to control the premises, which may be expressed by contract or implied by conduct." *Id.* (citation modified).

Here, Plaintiff alleges that "Defendant Crossmark, Inc. had control over the shelving in question [and] Defendant Crossmark owed certain duties to Plaintiff . . . ." (Dkt. #1-1 at ¶ 21). However, this statement is merely a "formulaic recitation of the elements of [the] cause of action," which is insufficient to survive the federal pleading standard. *Twombly*, 550 U.S. at 555. Indeed, Plaintiff provides no factual basis to determine how Defendant gained control of the premises; nor does Plaintiff describe the work that Defendant Crossmark allegedly performed for Defendant

Walmart (*See* Dkt. #1-1 at ¶¶ 20–24). Without any of these facts, the Court lacks the factual basis to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Several district courts in Texas have also held that a plaintiff improperly joined a premises liability defendant when the plaintiff did not allege why the tortfeasor owed a duty to the plaintiff. *Jordan v. Costco Wholesale Corp.*, No. 4:22-CV-848-Y, 2023 WL 12278827, at *3 (N.D. Tex. Apr. 11, 2023) (collecting cases). For example, in *Padilla v. Wal-Mart Stores Texas, LLC*, the court dismissed a premises liability claim against a store employee because the Plaintiff did not allege facts establishing that the employee owed a duty of care. No. EP-19-CV-004-KC, 2019 WL 2565260, at *3 (W.D. Tex. Apr. 9, 2019). Likewise, in *Ruelas v. Wal-Mart*, this Court adopted a report and recommendation that recommended the Court to dismiss a premises liability claim against a store manager because the plaintiff "did not allege any facts that would support a conclusion that [the store manager] . . . had an independent duty to her." No. 4:12CV729, 2013 WL 949344, at *5 (E.D. Tex. Jan. 30, 2013), *report and recommendation adopted*, No. 4:12CV729, 2013 WL 943412 (E.D. Tex. Mar. 8, 2013). Here, Plaintiff does not provide the factual basis to indicate that Defendant Crossmark owed premises duties at the store location, and Plaintiff therefore does not meet the federal pleading standard (*See* Dkt. #1-1).[1] *See id.*

---

[1] Many federal courts in Texas categorically dismiss premises liability claims against store managers, since store managers generally do not owe premises duties in Texas. *See Kutchinski v. Costco Wholesale Corp.*, No. 4:22-CV-00083, 2022 WL 1809308, at *3 (S.D. Tex. June 1, 2022) (collecting cases); *see also Cantu v. Wal-Mart Inc.*, No. 1:24-CV-00125, 2024 WL 5400726, at *8 (S.D. Tex. Nov. 27, 2024). This case is distinguishable because Plaintiff alleges an independent business entity—not a store manager—gained control of the premises. *See HNMC, Inc. v. Chan*, 683 S.W.3d 373, 384 (Tex. 2024); *Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324–25 (Tex. 1993); *UBM Enter., Inc. v. Azzarello*, No. 05-24-00768-CV, 2026 WL 2101333, at *4 n.5 (Tex. App.—Dallas July 21, 2026, no pet. h.). While the present action is not categorically dismissed under Texas law, Plaintiff does not allege sufficient facts to establish that Defendant Crossmark owed him premises duties. *See Twombly*, 550 U.S. at 555–56.

Moreover, Defendant Walmart correctly points out that Plaintiff's allegations against Defendant Crossmark are nearly identical to its allegations against Defendant Walmart, without any meaningful explanation as to why Defendant Crossmark is involved in the suit (Dkt. #7 at p. 3). Several courts have observed this as a common improper joinder strategy: A plaintiff repeats identical allegations against both parties, without any factual indication of the improperly joined parties' involvement in the dispute. *See Maldonado v. AEP Tex. Inc.*, No. 2:22-CV-00160, 2022 WL 21808091, at *4 (S.D. Tex. Oct. 28, 2022) ("Plaintiff's original petition fails to differentiate her claims against [defendants]."); *Byars v. Walmart Inc.*, No. 3:22-CV-2912-E, 2023 WL 4485934, at *2–3 (N.D. Tex. July 10, 2023) ("[H]is allegations refer to 'Defendants' and do not specify to whom Plaintiff refers."); *Valadez v. Geo Grp., Inc.*, No. 5:22-CV-00016, 2022 WL 16821127, at *4 (S.D. Tex. Oct. 21, 2022) ("Nowhere in his Original Petition does [the plaintiff] actually allege that [the defendant] did something . . . ."); *Angeles v. Target Corp.*, No. EP-15-CV-193-KC, 2015 WL 12659926, at *2 (W.D. Tex. Aug. 7, 2015) ("The Petition does not assert a single fact suggesting that [the defendant] owed [the plaintiff] a duty of care independent from the duty owed by [the store]."). By repeating the elements of his premises liability action against Defendants—without providing any factual distinction as to Defendant Crossmark's involvement—Plaintiff alleges no more than legal conclusions, and cannot survive the Rule 12(b)(6) standard. *See Twombly*, 550 U.S. at 555–56.

Defendant Walmart has met its heavy burden of demonstrating that Plaintiff has no reasonable basis for recovery against Defendant Crossmark, as defined by the federal pleading standard. *See Smallwood*, 18 F.4th at 576. As a result, the Court holds that Plaintiff improperly

joined Defendant Crossmark, and that the Court therefore has subject matter jurisdiction over the remaining parties. *See id.* at 574–76.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #5) is hereby **DENIED.**

Accordingly, Plaintiff's claims against Defendant Crossmark, Inc. are hereby **DISMISSED without prejudice** as improperly joined.

**IT IS SO ORDERED.**

**SIGNED this 9th day of October, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE